NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2317

_____


UNITED STATES OF AMERICA

v.

BRIAN DAVID PILCH,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-11-cr-00179-001)
District Judge: Honorable Gene E. K. Pratter

_____

Submitted Under Third Circuit LAR 34.1(a)
June 11, 2013


Before: McKEE, Chief Judge, AMBRO, and NYGAARD, Circuit Judges


(Opinion filed : September 11, 2013)

_____

OPINION

_____


AMBRO, Circuit Judge

Brian David Pilch pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) after police discovered 85 images of child pornography on his home computer. The District Court sentenced Pilch to 57 months' imprisonment. He argues that his sentence was procedurally and substantively unreasonable.[1]

We review both the procedural and the substantive reasonableness of a district court's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (*en banc*). We must "ensure that the [D]istrict [C]ourt committed no significant procedural error, such as failing to calculate (or improperly calculating) the [U.S. Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. If the sentence is procedurally sound, we then consider if it is substantively reasonable given "the totality of the circumstances." *Id.* If the sentence is within the applicable Guidelines range, we may presume that the sentence is reasonable. *Rita v. United States*, 551 U.S. 338, 350–51 (2007). Any objection that was not raised before the District Court at sentencing is reviewed for plain error. *United States v. Ward*, 626 F.3d 179, 183 (3d Cir. 2010).

Pilch argues that U.S.S.G § 2G2.2(b)(7)(A) frustrates Congressional intent, that the District Court committed procedural errors in sentencing, and that his sentence is substantively unreasonable. First, Pilch challenges the two-level increase for possessing

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

85 images of child pornography. He argues that increasing the offense level based on the number of images possessed is inappropriate because 18 U.S.C. § 2252(a)(4)(B) criminalizes all possession of "1 or more" images. Pilch did not oppose this adjustment before the District Court, and he does not provide authority or precedent in support of his interpretation of Congressional intent. His argument thus fails.

Pilch also makes two arguments that the Court's sentence was procedurally unreasonable. First, he believes the Court erred when it denied his request to vary from the child pornography sentencing ranges under U.S.S.G. § 2G2.2, which he argues are not based on empirical data. We have held that a district court may vary from the sentencing ranges determined under § 2G2.2 if the court articulates a policy disagreement with these Guidelines. *United States v. Grober*, 624 F.3d 592 (3d Cir. 2010). However, "if a district court does not in fact have a policy disagreement with § 2G2.2, it is not obligated to vary on this basis." *Id.* at 609. Here, the District Court considered the Guidelines and understood its authority to vary from them. Its decision to sentence within that range was not an abuse of discretion.

Next, Pilch argues that the District Court's sentence is procedurally unreasonable because the Court failed to consider all of the § 3553(a) factors. We disagree. The Court reviewed all of the relevant factors, including the nature of the offense, Pilch's history and characteristics, and the need for the sentence imposed.

Finally, Pilch argues that the sentence was substantively unreasonable. Given the totality of the circumstances, we find this argument unpersuasive. The Court considered

3

Pilch's arguments and applied a sentence within the applicable Guidelines range. We discern no abuse of discretion.

For the foregoing reasons, we affirm.